**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Amato John Russo

   v.                                              Civil No. 11-cv-587-SM

Warden, New Hampshire State Prison


**O R D E R**

Before the court is pro se petitioner Amato John Russo's writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and the addenda thereto (doc. nos. 1, 16 and 17) (hereinafter "the petition"). The petition challenges Russo's conviction and extended sentence on charges of solicitation of witness tampering in state court. The petition is here for preliminary review to determine whether or not the claims are facially valid and cognizable in an action for federal habeas relief pursuant to § 2254. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"). Also pending before the court is Russo's motion for appointment of counsel (doc. no. 10).

For reasons set forth below, the motion for appointment of counsel (doc. no. 10) is denied without prejudice to Russo's filing such a motion in the future if an evidentiary hearing is

scheduled or other circumstances warrant the appointment of counsel.  In addition, as specified below, Russo is ordered to amend his petition to clarify the basis of his claims of prosecutorial misconduct and malicious prosecution, and to show that he has exhausted all of his federal due process claims.

## Background

The following background is derived from Russo's petition (doc. nos. 1, 16 and 17); Russo's motion for appointment of counsel (doc. no. 10); and the New Hampshire Supreme Court ("NHSC") order affirming the conviction and sentence at issue, see State v. Russo, No. 2009-0870 (N.H. Jan. 21, 2011).

On February 19, 2009, Russo was tried before a jury on charges of solicitation of witness tampering, see N.H. Rev. Stat. Ann. ("RSA") §§ 629:2, I, and 641:5, I.  Russo has asserted that the State's only witness, Dave Ligocki, was and continues to be "mentally unstable," and that the State did not inform Russo of that fact.  Additionally, Russo has asserted that the prosecutor engaged in "misconduct" in connection with Russo's trial and/or sentencing, and that the prosecution was "malicious."

The jury convicted Russo after the February 2009 trial, and a sentencing hearing followed in October 2009.  At the

sentencing hearing, the State identified three predicate convictions and sentences upon which it based a request for an extended sentence, namely, a prior five to ten year stand committed sentence, and two originally suspended sentences which were imposed upon Russo between the February 2009 trial and the October 2009 sentencing hearing.  The trial court accepted the State's recommendation and imposed an extended sentence, pursuant to RSA § 651:6, II(a).[1]

Russo appealed his conviction to the NHSC, claiming, among other things, that the trial court committed plain error by sentencing him to an extended term of imprisonment because, at the time the State notified him of its intent to seek an extended term, the predicate sentences were suspended, and suspended sentences could not be used as a basis for an extended sentence.  The NHSC affirmed Russo's conviction, specifically declining to find plain error in the sentence because the NHSC had not yet had occasion to clarify whether under RSA § 651:6,

---

[1] RSA § 651:6, II(a), provides, in pertinent part:

A convicted person may be sentenced [to an extended term of imprisonment] if the court finds, and includes such findings in the record, that such person:

(a) Has twice previously been convicted in this state, or in another jurisdiction, on sentences in excess of one year.

Id.

II(a), a suspended sentence, imposed prior to sentencing, qualifies as a basis for an extended sentence. See Russo, slip op. at 2.

Russo filed the instant petition for federal habeas relief on January 9, 2012. In the petition, Russo asserts that he has new evidence proving his innocence, and that his conviction and sentence violated his federal constitutional rights, as follows[2]:

> 1. The imposition of an extended sentence violated Russo's Fourteenth Amendment right to due process because, as a matter of state law, (a) the predicate "convictions" at issue included a parole violation, and parole violations do not constitute "convictions"; and (b) two of the predicate sentences were suspended at the time the State notified Russo of its intent to seek an extended sentence, and a suspended sentence imposed prior to sentencing but after conviction on the subsequent offense does not qualify as a predicate for an extended sentence.
>
> 2. The imposition of an extended sentence violated Russo's Fourteenth Amendment right to due process because the extended sentence statute, RSA 651:6, II(a), was ambiguous as applied to Russo, and the rule of lenity applied in such cases precludes the imposition of an extended sentence.

---

[2]The claims identified herein shall be considered to be the claims asserted in the petition (doc. nos. 1, 16 and 17). If Russo disagrees with this identification of the claims, he must properly file a motion for reconsideration of this order, or a motion to amend the petition.

3.  The prosecutor's failure to disclose pretrial that the State's only witness was "unstable" violated Russo's due process rights under the Fourteenth Amendment, as construed in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

4.  Russo's conviction and sentence were obtained in violation of his Fourteenth Amendment right to due process because the prosecutor engaged in "misconduct" in connection with the trial and sentencing hearing.

5.  Russo's conviction was the product of a malicious prosecution.

**Discussion**

I.  Preliminary Review

   A.  Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the pro se pleadings contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible and cognizable in a petition for federal habeas relief. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if a complaint states viable claims). The court

undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

In conducting this review, the court may also consider whether federal habeas relief is barred by the petitioner's failure to exhaust state court remedies, a procedural default, or a statute of limitations defense apparent on the face of the petition. See § 2254 Rule 4; Day v. McDonough, 547 U.S. 198, 209-10 (2006) (noting that § 2254 Rule 5(b) places statute of limitations defense on par with failure to exhaust state remedies and procedural defaults, and holding that district courts may dismiss complaint, sua sponte, based upon statute of limitations, if parties have received fair notice and an opportunity to present their positions); Oakes v. United States, 400 F.3d 92, 96 (1st Cir. 2005) (district court has discretion to raise issue of procedural default sua sponte (citing Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997))).

B.  Predicate Issues

1.  Custody

To be eligible for habeas relief on his federal claims, Russo must show that he is in custody in violation of his federal constitutional or statutory rights. See 28 U.S.C. § 2254(a). Russo's incarceration pursuant to the challenged conviction and sentence satisfies the § 2254(a) custody requirement.

2.  Exhaustion

To be eligible for relief under § 2254, a petitioner must show that he has exhausted the remedies available to him in the State courts on the federal claims asserted in the habeas petition, or that State corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is

ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

A petitioner's remedies in New Hampshire may be exhausted in the state courts through a direct appeal of a criminal conviction to the NHSC asserting federal claims, or a motion for a new trial or a petition for writ of habeas corpus filed in the state courts, with any adverse judgment on any federal claims presented to the NHSC. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted). "'The appropriate focus [in an exhaustion inquiry] centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford, 640 F.3d at 482 (emphasis in original) (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).

Russo has failed to show that he has exhausted the federal nature of any of the claims asserted in the petition. The NHSC decision on Russo's direct appeal of his conviction does not

address any issues involving the prosecutor's failure to disclose information regarding the "mental instability" of its only witness, or any claim of a malicious prosecution or alleged prosecutorial misconduct, apart from the issue of the prosecutor asking Russo to testify regarding whether another witness lied on the stand. Nor does the NHSC order cite any federal cases or federal law which this court could construe to indicate the NHSC's awareness that Russo claimed violations of his federal rights. Accordingly, Russo has failed to show that he has exhausted his state court remedies as to the federal claims raised in the § 2254 petition.

A more fully developed record may yet demonstrate exhaustion. Towards that end, Russo is granted an opportunity to file as exhibits to an amended § 2254 petition any part of the documents filed in the NHSC that show that he has exhausted his state court remedies on each federal claim he asserts here. The documents to be filed as exhibits are specified in the conclusion of this Order, below.

    C.   <u>Failure to State a Claim</u>

The prosecutorial misconduct and malicious prosecution claims asserted in the petition (doc. nos. 1, 16, and 17) are stated in a summary, conclusory manner, without any supporting

facts. Lacking any factual allegations elaborating on how the prosecutor engaged in misconduct or why Russo believes that the prosecution was malicious, the claims as currently pleaded are subject to dismissal with prejudice for failure to state a claim upon which § 2254 relief may be available. As explained herein, the court will instead give Russo the opportunity to amend and adequately state these claims.

The test for whether misconduct rises to the level of a due process violation "'is whether the prosecutors' [misconduct] so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Towery v. Schriro, 641 F.3d 300, 310 (9th Cir. 2010) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citations and internal quotation marks omitted)), cert. denied, 132 S. Ct. 159 (2011). If Russo intends to assert a claim of prosecutorial misconduct as a ground for federal habeas relief, he must state with specificity the facts upon which he bases his claim that the prosecutor engaged in improper conduct, and the manner in which that misconduct resulted in an unfair trial or sentencing proceeding.

Similarly, Russo has baldly asserted only in conclusory terms that he was the victim of a malicious prosecution. It is unclear whether Russo is asserting that the February 2009 trial was a malicious prosecution, or whether the claim refers to

another prosecution or proceeding, and there are no other facts stated in the petition showing that Russo was prosecuted maliciously, without probable cause. As set forth below, the court will provide Russo with thirty days to file an amended petition clarifying his claims, and stating the relevant facts with specificity, if he intends to pursue claims of prosecutorial misconduct or malicious prosecution in his § 2254 petition.

II. Motion for Appointment of Counsel

Russo seeks court-appointed counsel on the grounds that he is indigent, and because he is not a lawyer and believes he cannot effectively represent himself. A habeas corpus petition is a civil action, and there is generally no constitutional right to the appointment of counsel in a civil case in this court, see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003), prior to the scheduling of an evidentiary hearing on the petition, see § 2254 Rule 8(c). Pursuant to § 2254 Rule 8(c), the court must appoint counsel for petitioner in the event an evidentiary hearing is scheduled.

The court has the discretion to appoint counsel in this case at any time, and it must do so "if 'exceptional circumstances [are] present such that a denial of counsel [is]

likely to result in fundamental unfairness impinging on [the litigant's] due process rights.'"  King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).  To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers, 949 F.2d at 24.

Russo has failed to establish the existence of exceptional circumstances warranting the appointment of counsel at this time.  The proceeding remains in a preliminary phase.  At this time, there is no indication that an evidentiary hearing will be held.  Before the court would consider whether to direct service on the respondent or schedule an evidentiary hearing, Russo must amend his complaint to clarify his claims and to demonstrate exhaustion of his state court remedies.  Russo's pleadings, to date, have been clear, albeit too summary and conclusory, but the filings generally demonstrate that Russo understands the proceedings.  There is no indication that Russo will be unable to adequately amend the petition or otherwise comply with this court's orders at this time.  Accordingly, Russo's motion for appointed counsel (doc. no. 10) is denied without prejudice to

Russo renewing the motion if an evidentiary hearing is scheduled or if he can show that the appointment of counsel is otherwise warranted.

### Conclusion

The motion for appointment of counsel (doc. no. 10) is denied without prejudice to refiling if an evidentiary hearing is scheduled or if Russo can show that there are exceptional circumstances in this case otherwise warranting counsel's appointment.

To avoid the dismissal of his § 2254 petition in whole or in part, the court directs Russo, within 30 days of the date of this order, to file an amended petition, as follows:

1.  If Russo intends to assert a claim of prosecutorial misconduct, Russo shall state with specificity in the amended petition all of the facts forming the basis of Russo's claim that the prosecutor engaged in misconduct resulting in a fundamentally unfair trial or sentencing proceeding.

2.  If Russo intends to assert a claim of malicious prosecution, Russo shall state with specificity in the amended petition all of the facts forming the basis of Russo's claim that the State engaged in a malicious prosecution of Russo.

3.  To demonstrate that all of his federal claims have been exhausted, Russo shall attach as exhibits to the amended petition a complete copy of the briefs filed in the NHSC, the notice of appeal in the NHSC, any appendices or exhibits to the briefs or the notice of appeal filed in the NHSC, any state court order addressing his federal claims, and all other pertinent documents included in the record

before the NHSC which show whether Russo presented his federal claims to the NHSC.

Should Russo fail to amend his petition as directed, or otherwise fail to comply with this order, the court may recommend that the petition be dismissed, as appropriate, either in part, for failure to state a claim of malicious prosecution or prosecutorial discretion, or in toto, for failure to demonstrate exhaustion of state court remedies as to all of his claims, see 28 U.S.C. § 2254(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 9, 2012

cc: Amato John Russo, pro se

LBM:nmd