UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Amato John Russo

   v.                                           Civil No. 11-cv-587-SM

Warden, New Hampshire State Prison


**O R D E R**

    Before the court are the documents (doc. nos. 19-24) that Amato John Russo has filed in response to an order issued on April 9, 2012 (doc. no. 18) ("April 9 Order"). Those documents include a filing docketed as a motion to amend Russo's habeas petition (doc. no. 23). The April 9 Order directed Russo to show that he had exhausted his state court remedies, and provided him with an opportunity to add allegations to flesh out his federal due process claims of malicious prosecution and prosecutorial misconduct. The petition remains before this magistrate judge pending an initial screening to determine whether the claims stated in the petition are facially valid and may proceed. See Rule 4, Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

    None of the documents filed by Russo complies with the aspect of the April 9 Order directing him to demonstrate

exhaustion.  The April 9 Order directed Russo to file copies of documents from the New Hampshire Supreme Court ("NHSC") record, showing that Russo had previously challenged his February 2009 conviction and October 2009 sentence in the NHSC on the same bases asserted in his federal habeas petition.  Russo did not file any relevant portions of the NHSC record or any state court orders, as directed in the April 9 Order.  Rather, Russo's filings since April 9 (doc. nos. 19-24) relate to the portion of the order providing him with an opportunity to add allegations to explain the nature of his claims of malicious prosecution and prosecutorial misconduct; the filings at issue consist of arguments and exhibits relating to the merits of his claims, and his assertion of innocence.

   Nothing filed by Russo demonstrates the truth of his assertion that he has exhausted his state court remedies.  He has filed no documents showing that he has already challenged his conviction and sentence in a post-trial state court proceeding raising the same federal constitutional claims that he asserts in his federal habeas petition.

   No federal court judge will review the constitutionality of Russo's conviction and sentence until Russo files the portions of the New Hampshire Supreme Court record that the April 9 Order directed him to file in this court.  See 28 U.S.C. § 2254(b)(1);

see also Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). This court will not rule on Russo's motion to amend (doc. no. 23), nor direct service of his petition, nor consider his habeas claims on their merits, until Russo effectively substantiates his assertion that he has exhausted his state court remedies as to each federal claim asserted in his petition.

Russo has failed to meet the May 9, 2012, deadline established by the April 9 Order, and he has not filed any motion for an extension of that deadline. Because Russo is proceeding without a lawyer, however, this court will extend the deadline sua sponte, by providing Russo with an additional thirty days to file relevant portions of the NHSC record to demonstrate exhaustion. Within thirty days of the date of this order, Russo may also file in this court a motion to stay this case if Russo seeks an opportunity to return to the state courts to exhaust his state court remedies on the federal due process claims included in his habeas petition, if they are not already exhausted.

## Conclusion

1. Within thirty days of the date of this order: (a) Russo must prove that he has exhausted his state court remedies by filing in this court relevant portions of the New Hampshire

3

Supreme Court record (as specified below), or (b) Russo may file a motion to stay his federal habeas petition, if he intends to return to the state courts to exhaust his state court remedies. If Russo seeks to return to the state courts to exhaust his state court remedies, he must initiate such litigation in the state court within thirty days of the date of this order.

2.  To prove that he has exhausted his state court remedies, Russo shall file the following documents within thirty days of the date of this order:

- all notices of appeal that he filed in the New Hampshire Supreme Court after his conviction on the charge that he solicited Dave Ligocki to tamper with a witness,

- all appendices to such notices filed by Russo in the New Hampshire Supreme Court after the February 2009 trial,

- any briefs, motions, or other documents that Russo filed in the New Hampshire Supreme Court relating to his solicitation of witness tampering conviction or the extended term of imprisonment imposed in October 2009, and

- any state court orders addressing the federal constitutional claims asserted in his petition for federal habeas relief.

3.  Russo may file in this court a motion to stay, within thirty days of the date of this order, requesting that the court stay further proceedings on his federal habeas petition.  In such a motion, Russo must state his intention to file within

4

thirty days a proceeding designed to exhaust his state court remedies on all of his federal constitutional claims.

4.  If Russo cannot meet the deadlines set forth in this order, Russo must file a motion showing why he requires an extension of the deadline or other appropriate relief.

5.  Russo's failure to comply with this order will result in a recommendation that the petition be dismissed without prejudice, pursuant to 28 U.S.C. § 2254(b)(1).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 21, 2012

cc:  Amato John Russo, pro se

LBM:nmd

5