```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Amato John Russo

    v.                                           Civil No. 11-cv-587-SM

Warden, New Hampshire State Prison


**REPORT AND RECOMMENDATION**

    Pro se petitioner Amato John Russo has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state conviction and extended sentence on a charge that he solicited a cellmate, Dave Ligocki, to tamper with a witness.  The matter is before the court to determine if Russo has complied with this court's previous orders in this matter requiring him either to demonstrate that his state court remedies as to his claims have been exhausted, or to file a motion to stay the action to allow him the opportunity to return to the state courts to exhaust those remedies.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules") (district court shall promptly review petition to determine whether or not claims stated therein are facially valid).

## Background

On February 19, 2009, a jury convicted Russo on a charge of solicitation of witness tampering, in violation of N.H. Rev. Stat. Ann. ("RSA") §§ 629:2, I, and 641:5, I.  Russo has asserted that the State's only witness, Dave Ligocki, was "mentally unstable," and that the State did not inform Russo of that fact before trial.  Additionally, Russo has asserted that the prosecutor engaged in "misconduct" in connection with Russo's trial and/or sentencing, and that the prosecution was "malicious."  Prior to Russo's trial, the State filed a notice declaring its intent to seek an extended sentence based on Russo's record of two or more prior convictions and sentences, pursuant to RSA § 651:6, II(a).[1]

At Russo's October 2009 sentencing hearing, the State identified three predicates upon which it based a request for an extended sentence, namely, a prior five- to ten-year stand committed sentence, and two originally suspended sentences which

---

[1] RSA § 651:6, II(a), provides, in pertinent part:

> A convicted person may be sentenced [to an extended term of imprisonment] if the court finds, and includes such findings in the record, that such person:
>
> (a) Has twice previously been convicted in this state, or in another jurisdiction, on sentences in excess of one year.

Id.

2

were imposed upon Russo between the February 2009 trial and the October 2009 sentencing. The trial court accepted the State's recommendation and imposed an extended sentence for the witness tampering conviction, pursuant to RSA § 651:6, II(a).

Russo appealed his conviction and sentence to the NHSC, claiming, among other things, that the trial court committed plain error by sentencing him to an extended term because, at the time the State notified him of its intent to seek that sentence, the alleged predicate sentences were suspended and not yet imposed. The NHSC affirmed the Superior Court, specifically declining to find plain error in the imposition of the extended sentence because the NHSC had not yet clarified whether under RSA § 651:6, II(a), a suspended sentence, imposed prior to sentencing, qualifies as a basis for an extended sentence. See State v. Russo, No. 2009-0870, slip op. at 2 (N.H. Jan. 21, 2011).

Russo filed the instant § 2254 petition in December 2011. The court finds, upon reviewing and liberally construing the petition (doc. nos. 1, 16-17, 19-24, and 26-31),[2] that Russo has asserted the following claims:

---

[2]In an order issued on this date, the court granted Russo's motion to amend (doc. no. 23) and directed that the petition be construed to consist of the original petition and addenda, doc. nos. 1, 16-17, 19-24, and 26-31.

3

1.   The imposition of an extended sentence violated Russo's Fourteenth Amendment right to due process because: (a) as a matter of state law, the predicate "convictions" included a parole violation, and parole violations do not constitute "convictions" for the purposes of imposing an extended sentence; (b) the predicate sentences remained suspended until after Russo's witness tampering trial, and a suspended sentence imposed prior to sentencing on the subsequent offense does not qualify as a predicate for an extended sentence; and (c) RSA 651:6, II(a), was ambiguous as applied to Russo, and the rule of lenity, if properly applied in the case, precluded the imposition of an extended sentence.

2.   The prosecutor's failure to disclose pretrial that the State's key witness, Dave Ligocki, had a history of psychiatric problems, violated Russo's due process right under the Fourteenth Amendment, as construed in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

3.   The prosecutor engaged in misconduct, in violation of Russo's Fourteenth Amendment right to due process by: (a) seeking an extended sentence; (b) offering Ligocki's testimony at trial despite Ligocki's unreliability, manifested by his history of psychiatric problems, lying, and cooperation with investigators for the purpose of obtaining favors for himself; and (c) improperly assisting Ligocki prior to Russo's trial, insofar as the prosecutor on February 29, 2008, forwarded to a parole officer and the secretary of the Parole Board Ligocki's written request that a State investigator assist Ligocki at an upcoming parole violation hearing.

4.   Russo's continuing incarceration violates his Fourteenth Amendment right to due process because evidence, obtained post-trial (consisting of unsworn statements of other inmates who would testify that Ligocki lied at Russo's trial), demonstrates that Russo is actually innocent.

### Discussion

Petitions including unexhausted claims are subject to dismissal for failure to demonstrate exhaustion.  <u>See</u> 28 U.S.C.

§ 2254(b)(1). The standard applied to determine if a petitioner's state court remedies have been exhausted is set forth at length in this court's prior orders in this case and need not be repeated. See Orders (doc. nos. 18 and 25).

In two prior Orders in this case, this court has found that Russo had not yet proven exhaustion. Id. In those orders, the court detailed the proof required to show exhaustion and granted Russo leave to amend his petition to file documentary evidence to show that his claims had been exhausted. In the most recent order on exhaustion, see Order (doc. no. 25), this court specifically noted that it would recommend dismissal of the petition for failure to show exhaustion of state court remedies, unless Russo, within 30 days, either sought an extension of the 30-day deadline, demonstrated that he had already exhausted his state court remedies by filing documentary evidence thereof, or moved to stay the case to exhaust his remedies in the state courts.

Russo has maintained throughout that he has exhausted his remedies in the state courts; he has asserted that exhaustion occurred by way of the direct appeal of his conviction and in post-trial motions filed in superior court and in the NHSC. As to proof of such exhaustion, however, the record before this court consists of only two documents: Russo's appellate brief

filed in the NHSC in his direct appeal, and the NHSC decision affirming his conviction in his direct appeal.  Russo has failed to file a copy of any notice of appeal filed in the New Hampshire Supreme Court concerning his direct appeal or other post-trial litigation, any post-trial motions, or any Superior Court or NHSC orders disposing of those motions.  This court therefore finds that Russo has failed to demonstrate that he has exhausted his state court remedies for the federal claims raised in this case.

The NHSC decision filed as an exhibit here, see Doc. No. 27-1, addresses issues raised in claim 1(b) above, but frames those issues as purely state law questions.  The NHSC did not separately address any due process claim when it upheld Russo's conviction and sentence, and nothing in the NHSC decision suggests that any federal due process claim had been raised by Russo in the NHSC.

The appellate brief filed by Russo as an exhibit here, see Doc. No. 27-3, expressly frames the issues relating to Russo's conviction and extended sentence as arising under state law and as involving the proper construction of a state statute, without citing pertinent federal cases or otherwise raising in the NHSC a claim that the sentence violated Russo's Fourteenth Amendment right to due process.  None of the remaining claims asserted in

the federal petition (claims 1(a), 1(c) and 2-4) are addressed in Russo's appellate brief filed in the NHSC, and none are adverted to in the NHSC decision in a manner that might demonstrate exhaustion. Because there is no basis in the record before this court for finding that Russo exhausted his state court remedies, Russo has failed to carry his burden of demonstrating that he has exhausted his state court remedies as to all of his claims for federal habeas corpus relief.

## Conclusion

For the foregoing reasons, this court should dismiss the petition without prejudice, pursuant to 28 U.S.C. § 2254(b)(1). An order accepting this report and recommendation would not foreclose a subsequent federal habeas petition, filed with exhibits demonstrating that Russo has exhausted his state court remedies on each claim for federal habeas relief.[3]

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

---

[3] The court expresses no opinion at this time regarding whether the statute of limitations in 28 U.S.C. § 2244(d) would bar the filing of a new petition.

(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 28, 2012

cc: Amato John Russo, pro se

LBM:nmd