## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Amato John Russo

    v.                                    Civil No. 11-cv-587-SM

Warden, New Hampshire State Prison

## O R D E R

Before the court are five motions (doc. nos. 35-37, 39, and

42) filed by pro se petitioner, Amato John Russo.  Those motions

seek an extension of time (doc. no. 35); clarification of a

prior order and a pending report and recommendation (doc. nos.

36, 37, and 42)[1]; and appointment of counsel (doc. no. 39).

I.   Motion to Appoint Counsel (doc. no. 39)

Russo has requested that this court appoint counsel to

represent him for the purpose of assisting him in demonstrating

that he has previously exhausted his state court remedies on

each claim asserted in his federal habeas petition.  This court

has statutory authority, under the Criminal Justice Act ("CJA"),

18 U.S.C. § 3006A, to provide representation for any financially

---

[1]The first motion to clarify (doc. no. 36) seeks to clarify
this court's June 28, 2012, order (doc. no. 33) granting Russo's
motion to amend his petition.  The second and third motions to
clarify (doc. nos. 37 and 42) seek to clarify this court's June
28, 2012, report and recommendation (doc. no. 32).

eligible person seeking relief under 28 U.S.C. § 2254, if the court determines that the interests of justice require representation.  See 18 U.S.C. § 3006A(a)(2)(B).

Russo is eligible for an appointment of counsel under 18 U.S.C. § 3006A(a)(2), as he is proceeding in this matter in forma pauperis.  The court has reviewed the petition and Russo's numerous filings and further concludes that the interests of justice warrant the requested appointment.  Russo has asserted colorable claims for relief, and he has demonstrated difficulty understanding the significance of this court's orders and the pending report and recommendation (doc. no. 32), which recommends that his federal habeas petition be dismissed for failure to demonstrate exhaustion of state court remedies.  The motion to appoint counsel (doc. no. 39) is therefore granted.

Appointed counsel is specifically directed to: (1) evaluate the record in this matter, review Russo's state court proceedings and the state court record, and file in this court, within 120 days of the date of this order, an amended federal habeas petition, including as exhibits thereto, documents derived from the state court record demonstrating that Russo has exhausted his state court remedies on all claims asserted in his amended federal habeas petition, and also file within that time

any further response to the pending report and recommendation (doc. no. 32); and/or (2) file in this court, within 120 days of the date of this order, a motion to stay the federal habeas action, asserting that Russo intends to file an action in state court to exhaust his state court remedies for all of the claims asserted in his amended federal habeas petition.

II.   Motion to Extend Time (doc. no. 35)

Russo has moved for an extension of time in which to show that he has exhausted his available and effective state court remedies on all of his claims for federal habeas relief, as required by 28 U.S.C. § 2254(b)(1).  On May 21, 2012, the court granted Russo thirty days to file documents demonstrating that he had exhausted his state court remedies, or, in the alternative, to file a motion to stay this federal habeas proceeding, if he intended to exhaust his claims in the state courts.  See Order (doc. no. 25).  Russo failed to demonstrate exhaustion as to any of his federal habeas claims in accordance with this court's orders; on that basis, this magistrate judge recommended that Russo's federal habeas petition be dismissed without prejudice.  See Report and Recommendation (doc. no. 32). That report and recommendation remains pending at this time.

Russo now seeks an extension of time in which to demonstrate exhaustion.  The motion for an extension of time (doc. no. 35) is granted.  Russo shall have 120 days from the date of this order to file an amended habeas petition demonstrating exhaustion of each federal claim asserted therein. The amended petition shall include as exhibits those portions of the state court record that demonstrate that he has exhausted his state remedies for each of his federal habeas claims.  The court further grants Russo leave, within 120 days from the date of this order, to file in this court a motion to stay this federal habeas proceeding, as necessary, if he intends to initiate a state court proceeding to exhaust his state court remedies on all of his federal claims.

In addition, the court extends for 120 days from the date of this order, the time in which Russo may file a further response to the pending report and recommendation (doc. no. 32). Thereafter, the court will determine whether reconsideration of the report and recommendation is necessary.


III. Motions to Clarify (doc. nos. 36, 37 and 42)

The motions to clarify request that this court clarify its June 28, 2012, order granting Russo's motion to amend his

federal habeas petition (doc. no. 33), and the June 28, 2012, report and recommendation (doc. no. 32), which recommended that Russo's federal habeas petition be dismissed without prejudice for failure to demonstrate exhaustion of his state court remedies.  The court anticipates that Russo's questions regarding the order and the report and recommendation will be fully addressed by appointed counsel.  Accordingly, the court denies all three motions (doc. nos. 36, 37, and 42) without prejudice to renewal should appointed counsel deem necessary.

## Conclusion

For the foregoing reasons, the court issues the following rulings on pending motions:

1.   The motion for appointment of counsel (doc. no. 39) is granted.  The clerk shall take the steps necessary to obtain appointed counsel for Russo pursuant to the CJA, 18 U.S.C. § 3006A(a)(2)(B), consistent with the CJA plan.

2.   The motion for an extension of time (doc. no. 35) is granted, to the extent that Russo shall have 120 days from the date of this order: (a) to file an amended federal habeas petition, with exhibits, documenting that Russo has exhausted his state court remedies on all claims asserted in his amended

federal habeas petition; (b) to file a further response to the pending report and recommendation (doc. no. 32); and/or (c) to move to stay the federal habeas petition if he intends to proceed in state court to exhaust all of his state court remedies.

    3.  The motions to clarify (doc. nos. 36, 37, and 42) are denied without prejudice to renewal should appointed counsel deem necessary.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 17, 2012

cc:  Amato John Russo, pro se

LBM:nmd